UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-00175-LLK

KRISTIE J. STEVENSON                                                                              PLAINTIFF

v.

CAROLYN W. COLVIN                                                                                DEFENDANT
    Commissioner of Social Security

## MEMORANDUM OPINION AND ORDER

Kristie Stevenson filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied her application for disability benefits. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.

Plaintiff seeks review of a decision issued by administrative law judge (ALJ) Phylis M. Pierce on June 2, 2010, following remand by the Appeals Council.[1]

Upon remand, the ALJ obtained an updated evaluation by Bruce Amble, Ph.D., and testimony from a medical advisor, Tom Wagner, Ph.D. Plaintiff argues that the ALJ erred in accepting the testimony of the non-examining medical advisor (Dr. Wagner) over that of the two-time examining source (Dr. Amble).

The Court finds that the ALJ did not err in relying on Dr. Wagner's testimony. Therefore, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### Background facts and procedural history

In his second evaluation, Dr. Amble administered the Wechsler Adult Intelligence Scale-4 (WAIS–4), the Wide-Range Achievement Test, the Minnesota Multiphasic Personality Inventory (MMPI), the Beck Depression and Anxiety Inventories, and some other psychometric tests. AR, pp. 896-897.

---

[1] The ALJ's decision is at pages 26 through 43 of the administrative record (hereinafter "AR").

Dr. Wagner accepted the results of the WAIS-4 and the Wide-Range Achievement Test, which indicated significant intellectual and academic impairment. However, he found the results of the MMPI and Beck Inventories to be invalid because Plaintiff's impairment did not permit her to adequately read and comprehend the questions on the MMPI and because an individual, like Plaintiff, with a personality disorder, who is "in litigation such as this," would be expected to over-respond to the negative items on the Beck Inventories. AR, pp. 123-124.

Plaintiff was a patient at Four Rivers Behavioral Health. Treating psychiatrist Benjamin Parker completed the standard mental assessment form, finding no more than moderate limitation in any functional area. AR, pp. 935-936. However, Dr. Amble was not provided with Plaintiff's treatment records or Dr. Parker's findings. AR, pp. 125-126.

Dr. Wagner testified that, based solely upon the "evaluative record" (i.e., Dr. Amble's examination results and clinical findings), Plaintiff's mental impairments would be of disabling severity. AR, p. 132. However, discounting the MMPI and Beck Inventory results and taking into account the "treatment record" of which Dr. Amble was unaware, Plaintiff has some non-disabling mental restrictions. AR, p. 132.

The ALJ accepted Dr. Wagner's testimony.

**Plaintiff's contentions**

Plaintiff argues that Dr. Amble's "psychometric testing and consultative opinions [were] ignored" by Dr. Wagner. Docket 19, p. 3 of 4. Dr. Wagner did not ignore the MMPI and Beck Inventory results but found them to be invalid. Nor did Dr. Wagner ignore Dr. Amble's other results and findings but found them to be clinically less significant in light of Plaintiff's treatment record, to which Dr. Amble was not privy.

Plaintiff states that the "most troublesome" aspect of this case is the ALJ's acceptance of Dr. Wagner's testimony, in part, because "Dr. Wagner was afforded the opportunity ... to observe the

2

claimant at the hearing." AR, p. 41. According to Plaintiff, Dr. Wagner's opinion, unlike Dr. Amble's, "was based solely upon reviewing the record." Docket 19, p. 3.

"Generally, [the Commissioner will] give more weight to the opinion of a source who has examined [the claimant] [i.e., Dr. Amble] than to the opinion of a source who has not examined [the claimant] [i.e., Dr. Wagner]." 20 C.F.R. § 404.1527(c)(1).

However, in *Barker v. Commissioner*, 40 F.3d 789 (6th Cir.1994), the Sixth Circuit held that the foregoing general rule was overcome where the medical advisor "had access to the entire medical record in the case, whereas it appears that [the examining source] worked only from her personal examination of Mr. Barker. Additionally, [the medical advisor] observed Mr. Barker at the [] administrative hearing, listened to his testimony, and based his conclusions in part on his first-hand observation of Mr. Barker." *Id.* at 794.

The ALJ's partial reliance upon Dr. Wagner's observations of Plaintiff at the hearing in support of her acceptance of Dr. Wagner's opinion is consistent with *Barker*.

Finally, Plaintiff states that the "second troublesome issue is the ALJ used the claimant's invalid test results as a basis to find her incredulous." Docket 19, p. 3. The Court agrees with Plaintiff that, if the ALJ had found Plaintiff's testimony to be incredible simply because Dr. Amble improperly administered some psychometric tests (a matter over which Plaintiff had no control), this would be unfair.

Plaintiff apparently is referring to the paragraph at AR, pp. 38-39 of the ALJ's decision. The first sentence reads: "The claimant's credibility is diminished based on several factors." AR, p. 38. The next ten sentences itemize factors – all of which are fairly attributable to Plaintiff personally -- as counting against her credibility. The last sentence reads: "[Plaintiff] has been evaluated on two occasions by Dr. Amble, but [MMPI] scores and Beck Depression and Anxiety Inventories were invalid." AR, pp. 38-39.

The Court regards this last sentence as surplusage that does not fit well with the theme of the paragraph and ideally would have been located in a different paragraph. However, there is no indication that the ALJ actually relied upon Dr. Amble's error as counting against Plaintiff's credibility. "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Kornecky v. Commissioner*, 2006 WL 305648 (6th Cir.) quoting *Fisher v. Secretary*, 869 F.2d 1055, 1057 (7th Cir.1989).

**ORDER**

For the foregoing reasons, the Court AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.